# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

WILMINGTON SAVINGS FUND SOCIETY,
FSB, AS OWNER TRUSTEE OF THE
RESIDENTIAL CREDIT OPPORTUNITIES
TRUST VII-B,

      Plaintiff,

      v.                                                                        1:24-cv-01009 KWR/JHR

DAWN S. LUCERO, BETTY LOU LUCERO,
*in her individual capacity and as personal
representative of* THE ESTATE OF JASON F.
LUCERO, ANTONIO R. LUCERO,
DOMINIQUE S. LUCERO,
AUGUSTINE F. LUCERO,
AMERICAN SERVICES INDUSTRIES, LLC
*d/b/a* A-1 SEWER AND DRAIN, and THE
UNKNOWN HEIRS, LEGATEES AND
DEVISEES OF JASON F. LUCERO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment Seeking to Foreclose on Real Estate **(Doc. 23).** Plaintiff requests that the Court issue default judgment against all Defendants in this action, award *in rem* damages, and permit foreclosure. Having reviewed the record in this case, the Court finds that Plaintiff's motion for default judgment is well taken and, therefore, is **GRANTED**.

## BACKGROUND

Plaintiff asserted the following undisputed facts in its Motion, which were supported by the Amended Complaint, exhibits attached thereto, or other evidence.

On May 24, 2007, for good and valuable consideration, Ms. Dawn Lucero and Jason Lucero ("Decedent") executed and delivered a promissory note in favor of EquiFirst Corporation evidencing a debt in the principal sum of $127,500.00 with adjustable interest from said date at the initial rate of 8.450%. *See* Undisputed Material Fact 1 ("UMF") (citing Adjustable Rate Note at 1-2, Doc. 10-2 ("Note")).

To secure payment of the Note, Ms. Lucero and Decedent executed a corresponding Mortgage covering the Property. *See* UMF 2 (citing Mortgage at 1-2, 4, Doc. 10-3). That Mortgage was recorded on June 11, 2007 as Instrument No. 200640883 in the Official Records of the County Clerk of Bernalillo County. *See* Doc. 10-3 at 1.

The original holder of the Note, EquiFirst Corporation, previously indorsed the Note in blank via an indorsement associated with the Note. *See* UMF 3 (citing Note, Doc. 10-2 at 4).

All rights in the Mortgage covering the property at issue in this action were assigned to Wilmington Savings as evidenced by the chain of mortgage assignments attached as Exhibit F to the Amended Complaint. *See* UMF 4 (citing Doc. 10-6). Plaintiff's counsel has been in possession of the original Note related to the loan obligation at issue in this lawsuit. *See* UMF 5 (citing Irlbeck Decl. ¶¶ 3-4, Doc. 10-5). Thus, Plaintiff is the owner of the Note and Mortgage by way of (1) holding the Note indorsed in blank and (2) the assignment of all rights in the Note and Mortgage to Plaintiff. UMF 6 (Citing French Aff. ¶¶ 4-5, Doc. 23-1).

Dawn Lucero entered into a Loan Modification Agreement on May 27, 2022, in which the unpaid principal balance was adjusted to $222,191.03, the term of the loan was lengthened, and the interest rate was adjusted to 6.500%. UMF 7 (citing Loan Modification Agreement at 1-3, Doc. 10-4). Jason Lucero was released from any responsibility on the loan obligation. *Id.*

The Mortgage provides that if there is any default in the payment of loan installments, upon acceleration the entire principal sum with accrued interest shall become due and payable and the Mortgage may be foreclosed. *See* UMF 8 (citing Doc. 10-3 ¶ 22, at 12). Defendants defaulted by failing to pay loan installments as due. No payments have been made on the loan obligation since the payment due date of January 1, 2024.  UMF 9 (citing French Aff. ¶ 7, Doc. 23-1).

Notice of default and acceleration of the debt was given to Dawn S. Lucero and the Estate of Jason Lucero before institution of this foreclosure action, and neither Ms. Lucero nor any representatives of the Estate of Jason Lucero have cured the outstanding debt. *See* UMF 10 (citing French Aff. ¶ 8, Doc. 23-1). The entire unpaid principal balance of the Note has been declared as immediately due and payable in accordance with the terms and provisions of the Note and Mortgage. *See* UMF 11 (citing French Aff. ¶ 8, Doc. 23-1).

There is currently due to Plaintiff on the Mortgage the unpaid principal sum of $220,377.58, plus interest at the current rate of 6.500% per annum from and including December 1, 2023 forward, plus late charges, escrows, and advances, as provided by the Note and Mortgage. *See* UMF 12 (citing French Aff. ¶ 9, Doc. 23-1). Excluding attorney's fees and costs, the total amount owed to Plaintiff recoverable under the Note and Mortgage is $249,672.76 as of June 28, 2025 plus additional interest from June 29, 2025 forward. A breakdown of the amount due and owing to Plaintiff is as follows:

    a. Unpaid Principal Balance: $220,377.58

    b. Accrued Interest through June 28, 2025: $22,605.25

    c. Unpaid Late Charges: $1,040.64

    d. Administrative Fees: $325.00

    e. Tax Payments: $4,852.07

   f. Property Preservation Expenses: $60.00

   g. Lender Placed Insurance for Property: $267.22

   h. Insufficient Funds / NSF Charge: $25.00

   i. Payoff Charges: $120.00

UMF 13 (citing French Aff. ¶ 10, Doc. 23-1). Interest continues to accrue at the rate of $39.75 per

day from the date of June 29, 2025. *See* UMF 14 (citing French Aff. ¶ 11, Doc. 23-1).

   Defendant American Services Industries, LLC filed a Claim of Lien recorded in the

Bernalillo County real estate records on February 16, 2021 as Instrument No. 2021019078. *See*

UMF 15.

   To date, no defendant has filed an answer in this case or appeared. *See* UMF 16; Docs. 19,

21. Furthermore, no individual defendant is on active military service. UMF 16; Doc. 20.

   The Mortgage provides for a redemption period of one month. *See* UMF 17 (citing

Mortgage ¶ 24, at 15).

   Wilmington Savings has incurred at least $16,999.00 in attorney's fees in pursuit of this

foreclosure action, $1,296.18 in gross receipts tax associated with attorney's fees, and $405.00 in

recoverable costs in the form of the complaint filing fee. *See* UMF 18 (citing Walters Decl. ¶¶ 5,

7, Doc. 23-4).

## DISCUSSION

**I.**    **The Court grants Plaintiff's request for entry of default judgment.**

   **A.**    **Plaintiff met the procedural, jurisdictional, and service requirements to**
            **obtain a default judgment.**

   Plaintiff seeks default judgment. Rule 55 mandates a two-step process for a default

judgment. First, a party must obtain a Clerk's entry of default. Fed. R. Civ. P. 55(a). Second, the

party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)). Once a defendant is found to be in default, a court "t[akes] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015). Here, none of the Defendants appeared or filed an answer. Default was thus entered by the Clerk of Court. Doc. 21. Therefore, the Court will proceed to the second step and consider whether entry of default judgment is appropriate.

*First,* the Court has diversity jurisdiction over this case. Plaintiff is a Delaware corporation with its principal place of business in Delaware, thus a citizen of Delaware. Am. Compl. ¶ 14, Doc. 10. There is complete diversity because all named Defendants are citizens of New Mexico. *Id.* ¶¶ 6-10, 14-15. The amount in controversy clearly exceeds $75,000. *Id.* ¶¶ 16-17.

*Second*, Plaintiff has presented evidence that service was effectuated. Plaintiff provided evidence that the known individual Defendants were served. *See* Praecipe, Doc. 19. The known individual Defendants were personally served, *see* docs. 4, 5, or the summons was left with an individual at the person's place of abode, *see* docs. 6, 7. Both methods of service are authorized under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(2)(A), (B). Moreover, Plaintiff filed an affidavit stating that the summons and complaint were left at Defendant Betty Lou Lucero's address after she refused to accept service. Doc. 18-1 at 2; *see* NMRA 1-004(F)(1)(a).

As to American Services Industries, LLC, Plaintiff submitted an affidavit providing that the summons was served on a person authorized by law to accept service on behalf of American Services Industries, LLC. Doc. 8. Finally, Plaintiff received authorization to serve the unknown heirs of Decedent's estate through publication. *See* Docs. 15-17.

Generally, "a default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (citation omitted). And "service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Id.*  Because it appears that service has been effectuated over these New Mexico defendants, it appears the Court has personal jurisdiction over this action.

### B.    Plaintiff's Amended Complaint states a claim.

The Court must consider whether the well-pled allegations in the complaint, taken as true, state a claim and support entry of judgment. Plaintiff seeks to foreclose the property located at 1724 Coe Rd. SW, Albuquerque, NM 87105 (hereinafter the "Property"), as the loan obligation has been in default.

Plaintiff filed two claims in this case. In the first claim, Plaintiff sues on the note and seeks entry of an *in rem* judgment of $225,578.32 plus interest and other costs following default. Am. Compl. ¶ 32, Doc. 10. As to the second claim, Plaintiff seeks foreclosure. Generally, upon default the holder of a mortgage is entitled to both pursue on the note and foreclose on the mortgage based on non-payment of the borrower's obligation. *See Kepler v. Slade*, 896 P.2d 482, 484 (N.M. 1995) ("Under the traditional common law rule, upon default by the mortgagor, a mortgagee has

independent remedies which he or she may pursue. The mortgagee may sue either on the note or foreclose on the mortgage, and may pursue all remedies 'at the same time or consequently.'").

A federal district court sitting in diversity applies "state law with the objective of obtaining the result that would be reached in state court." *Butt v. Bank of Am., N.A.*, 477 F.3d 1171, 1179 (10th Cir. 2007). Generally, a cause of action against the maker of a promissory note is established if the plaintiff proves that: (1) plaintiff is the holder of the note on which the plaintiff sues; (2) the note became due and payable; and (3) defendant has not paid the amount due and owing. *See, e.g., RH Fund 28, LLC v. O'Niell*, No. 1:23-CV-01023-MIS-KRS, 2024 WL 4512433, at *4 (D.N.M. Oct. 17, 2024); *MTGLQ Invs., LP v. Wellington*, No. CV 17-487 KG/LF, 2019 WL 4600196, at *7 (D.N.M. Sept. 23, 2019); *RTC Mortg. Tr. 1994-S3 by Trotter Kent, Inc. v. Guadalupe Plaza*, 918 F. Supp. 1441, 1445 (D.N.M. 1996). "In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages." *McLaughlin v. Santa Fe Cmty. Coll.*, No. A-1-CA-39156, 2023 WL 7018418, at *3 (N.M. Ct. App. Oct. 25, 2023).

All of these requirements have clearly been satisfied. It is undisputed that Defendant Dawn Lucero signed the note. Moreover, Plaintiff is clearly entitled to enforce the promissory note, as it (1) possesses the promissory note indorsed in blank and (2) has been assigned the right to enforce the note and mortgage. "[A] party seeking to enforce a promissory note must establish that it has the right to enforce the note" by, for example, being a "holder of the instrument." *Los Alamos Nat'l Bank v. Velasquez*, 446 P.3d 1220, 1225 (N.M. Ct. App. 2019), *quoted in Wilmington Sav. Fund Soc'y FSB as Tr. of Residential Credit Opportunities Tr. III v. Hutchins*, No. 21-2094, 2022 WL 1087143, at *3 (10th Cir. Apr. 12, 2022). "[P]ossession of a note properly indorsed in blank establishes the right to enforce that note" as a holder of the instrument. *Velasquez,* 446 P.3d at

1225 (internal quotation marks omitted); *see also HSBC Bank USA, Nat'l Ass'n v. Wiles*, 468 P.3d 922, 925 (N.M. Ct. App. 2020) ("The mortgage follows the note, allowing the subsequent holder of the note to enforce the mortgage even without a formal assignment of the mortgage."); *Bank of N.Y. v. Romero*, 320 P.3d 1, 7 (N.M. 2014) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") (quoting NMSA 1978, § 55–3–205(b) (1992)).

The loan is due and payable, and the Defendants are in default. The last payment on the loan was made on December 1, 2023, and the full amount was accelerated.  UMF 10-11.

Therefore, the Court grants default judgment as to Count I.

Moreover, the signatories to the loan documents agreed to permit recovery on the Note and foreclosure of the mortgage. *See* Doc. 10-2 at 3-4; Doc. 10-3 ¶ 22.  Therefore, the Court grant's Plaintiff request to pursue foreclosure on the mortgage under Count II.

## II.    <u>The Court grants Plaintiff's request for damages</u>.

Plaintiff requests that the Court enter an *in rem* judgment on damages, including interest, fees, and costs. Mot., Doc. 23 at 2.  The Court agrees, as explained below.

The Court may award damages on default judgment "without a hearing" because "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). "Rule 55 . . . does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

"[O]nce the facts regarding … liability on the notes were taken as true, all the court was required to do was calculate the amounts owed on the promissory notes and the interest." *United*

*States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006). "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed.1998), *quoted in Craighead,* 176 F. App'x at 925. "In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

Here, taking the well-pleaded factual allegations as true, the damages are capable of mathematical calculation and a hearing is not necessary. The Court awards Plaintiff's requested damages, including (1) the total outstanding loan balance of $249,572.76 as of June 28, 2025, and (2) per diem interest in the amount of $39.75 from June 29, 2025 forward, as it is well-supported in the record by the Note, affidavits, and other documentary evidence. UMF 12-14.

New Mexico permits recovery of prejudgment interest pursuant to a contractual provision if that interest can be calculated with reasonable certainty. NMSA 1978 § 56-8-3; *State ex rel. Bob Davis Masonry, Inc. v. Safeco Ins. Co. of Am.*, 883 P.2d 144, 147 (N.M. 1994). Interest is readily calculable as it accrued under the contract at 6.5% on an unpaid principal amount of $220,337.58, or $39.75 per day. Loan Modification Agreement, Doc. 1-4 at 2; French Aff. at 3, Doc. 23-1.

Moreover, the Court finds that Plaintiff's requested attorney fees are permitted under the relevant contracts and are reasonable. In a diversity jurisdiction case based on state-law claims, the Court looks to state law to determine whether attorney fees are reasonable. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 462 (10th Cir. 2017).

Under New Mexico law, a court may award reasonable attorney fees and costs to a prevailing party when authorized by a contractual provision. *In re N.M. Indirect Purchasers Microsoft Corp.*, 149 P.3d 976, 987 (N.M. Ct. App. 2007) (citation omitted). Here, all relevant contracts, such as the Note and Loan Modification Agreement, include such a provision.

In calculating the award of attorney's fees, New Mexico follows the lodestar method. *Autovest, L.L.C. v. Agosto*, 497 P.3d 642, 650–51 (N.M. Ct. App. 2021), *aff'd*, 563 P.3d 811 (N.M. 2025). Accordingly, the Court calculates reasonable attorney fees by multiplying total hours reasonably spent by counsel with a reasonable hourly rate then considering additional factors bearing on a fair award. *Id.* These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer performing the services; and

(8) whether the fee is fixed or contingent.

*Id.* at 651. "A court need not consider all factors or give all the factors equal weight." *Behrens v. Gateway Ct., LLC*, 311 P.3d 822, 833 (N.M. Ct. App. 2013).

Considering these factors and the evidence, the Court concludes that the requested fees are reasonable. Plaintiff submitted the declaration of Ryan Walters as well as other evidence, such as

itemized fee invoices.  Ryan Walters represents Plaintiff in this case.  Walters Decl. ¶ 3, Doc. 23-4.  Plaintiff has incurred $16,999 in attorney's fees and gross receipts tax of $1,296.18. Mr. Walters's hourly rate is $290 and the hourly rate for paralegals is $150.  His hourly rate is well-supported by his experience, the complexity of the litigation in this case, the fees customarily charged, and the results obtained in this case. *Id.* ¶¶ 10, 13. Therefore, the hourly rates in this case are reasonable.  Moreover, reviewing the itemized invoices, the hours billed appear to be reasonable. *See* Walters Decl., Doc. 23-4, Ex. A. Plaintiff also seeks an additional $2,000 in attorney fees which it expects to incur in this litigation. Therefore, the Court grants Plaintiff's request for an award of attorney's fees, gross receipts tax, and costs.

Finally, Plaintiff seeks other expenses and costs, including filing fees, unpaid late charges, administrative fees, tax payments, property preservation expenses, lender placed insurance, an insufficient funds charge, and payoff charges.  French Aff. ¶ 10, Doc. 23-1.  Plaintiff may recover filing fees under 28 U.S.C. § 1920(1). The other costs, such as late charges and expenses incurred in enforcing the note, appear to be allowed under the relevant contracts.  Note, Doc. 1-2 at 3; Doc. 1-3 at 7. The borrower agreed to pay property taxes, but the Plaintiff was forced to do so after default to preserve the property. French Aff. ¶ 10; Doc. 1-4 at 4; Am. Compl. ¶¶ 17, 31, Doc. 10. Therefore, the Court awards Plaintiff its requested costs and expenses.

## CONCLUSION

The Court concludes that Plaintiff is entitled to default judgment, including an *in rem* judgment for its damages, fees, and costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 23)** is hereby **GRANTED** for the reasons described above; and

**IT IS FURTHER ORDERED** that Plaintiff submit a proposed default judgment (and if necessary, an order to effectuate foreclosure proceedings) to the Court consistent with this opinion and the Motion (Doc. 23) within **fourteen (14) days** of the entry of this order.

_____/S/_____
KEA W.  RIGGS
UNITED STATES DISTRICT JUDGE